DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Olsegun Falana, | ) | |
| | ) | CASE NO. 5:08 CV 720 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Kent Displays, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I. INTRODUCTION

This action was filed by plaintiff Olsegun Falana (Falana) to prevent declamation of U.S. Patent No. 6, 830,789 ('789 Patent) and to add his name to the '789 Patent as an inventor. The maintenance fee for the '789 Patent was paid, so the issue of declamation was resolved.

Defendants Kent Display, Inc. (KDI), Joseph Doane (Doane) and Asad Khan (Khan) then moved to be dismissed from this action on the grounds that they consented in writing to the addition of Falana as an inventor of the '789 Patent should the Court order such an addition. These defendants were represented by counsel and expressly understood that, if dismissed, they would lose their right to participate in the disposition of the case or to take issue with the outcome, and that dismissal did not relieve them of their obligation to provide discovery in accordance with the Federal Rules of Civil Procedure. After the motions to dismiss were fully briefed, the Court issued a Memorandum Opinion dismissing KDI, Doane and Khan from this action. *See* ECF 54.

(5:08 CV 720)

Now before the Court is plaintiff's motion to amend the Court's Memorandum Opinion dismissing defendants and to reinstate defendants KDI, Doane and Khan.  ECF 56.  KDI, Doane and Khan opposed plaintiff's motion (ECF 58), to which plaintiff replied (ECF 60), and KDI, Doane and Khan filed a sur-reply (ECF 63).  For the reasons discussed below, plaintiff's motion to amend the Court's Memorandum Opinion dismissing defendants, reinstate defendants, and plaintiff's related request to amend his complaint, are DENIED.

## II.  FALANA'S MOTION TO AMEND COURT'S OPINION, REINSTATE DEFENDANTS, AND AMEND COMPLAINT

In its earlier Memorandum Opinion granting defendants KDI, Doane and Khan's motions to dismiss, the Court found that Doane and Khan receive no royalty income from the '789 Patent. *See* ECF 54.  The first element plaintiff's motion to reinstate the dismissed defendants is that new evidence regarding royalty payments for the '789 Patent renders the dismissal of Doane, Khan and KDI premature.  Second, plaintiff asserts that his complaint is written broadly enough to include damages claims (in addition to his stated claims to prevent declamation and correct inventorship), thereby rendering KDI, Doane and Khan's consent to add him as an inventor insufficient to warrant their dismissal from the entire action.  Alternatively, plaintiff requests leave to amend his complaint to add a variety of claims, including breach of fiduciary duty, breach of contract, breach of implied contract, fraud, fraudulent concealment, and unjust enrichment, and contends that KDI, Doane and Khan should be reinstated as to these additional claims.

(5:08 CV 720)

### III. LAW AND ANALYSIS

A. <u>No Royalty Payments from the '789 Patent</u>

In his motion to reinstate KDI, Doane and Khan, plaintiff takes issue with the Court's finding that Doane and Khan received no royalty income from the '789 Patent based on new evidence revealed in the deposition of defendant Alexander Seed (Seed). Plaintiff claims that Seed's deposition demonstrates that royalties from the '789 Patent were paid to Doane. Plaintiff reasons that these royalty payments open the door to a variety of claims against the dismissed defendants, therefore requiring their reinstatement.

However, Seed did not testify that Doane actually received any royalty payments from the '789 Patent[1] and Doane's affidavit clearly states that he received no royalty income from the '789 Patent.[2] Further, the president and chief financial officer of KDI where Doane is employed, Joel Domino, states in his affidavit that neither Doane nor Khan receives, or ever received, any royalty income from the '789 Patent.[3] Seed's uncertain testimony as to whether Doane received any royalties at all from the '789 Patent in the face of Doane and Domino's clear affidavits that no royalties from the '789 Patent were paid to either Doane or Khan is an insufficient basis for

---

[1] Q. Do you have any idea of the gross amount of royalties paid?
A. I think for me it was roughly $2,000 a year. And I think for [Doane], I think, it's difficult to gauge, his royalties were huge, but he has a large number of patents, I think it was in excess of $70,000.
. . . . . .
A. Oh, I'm guessing [Doane's] figure, . . . but I don't know what portion of that was for this individual patent.

Seed Depo. ECF 56, pp. 12-13 of 19.

[2] Affidavit of William Doane, ECF 59, p. 3, par. 12 and 13.

[3] Affidavit of Joel Domino, ECF 63-2.

3

(5:08 CV 720)

the Court to amend its earlier finding that Doane and Khan received no royalty income from the '789 Patent.[4]

B. <u>Plaintiff's Complaint for Correction of Ownership and Injunctive Relief Does Not Assert a Claim for Damages</u>

In his motion to reinstate KDI, Doane and Khan as defendants, Falana argues that:

"[w]hile Falana styled his Complaint 'For Correction of Inventorship . . . and Other Relief,' this case has now shifted from what was predominantly a straightforward request for correction of inventorship and an injunction to prevent the Defendants from allowing the patent to lapse, to one involving potential damages and other yet unknown economic harm. Thus, a simple consent [for] correction of ownership . . . now seems an inadequate ground for dismissal of Doane, Khan, and KDI.

At the time of filing his Complaint, Falana had insufficient basis for asserting a *direct* claim for economic damages. Falana did however, assert a claim for injunctive relief [to prevent declamation of the patent] to prevent 'material interference with his property rights in the Patent.' Now in the light of the new revelations regarding royalties, Falana is asking the Court to recognize that his Complaint adequately asserts a claim for broad protection of his property rights, including the possibility of damages."

*See* ECF 56, p. 4 of 19 (emphasis in original).

Plaintiff's complaint states that "[t]his is an action for correction of inventorship under the Patent Laws of the United States." Plaintiff asserts one claim - for correction of inventorship and injunctive relief. Plaintiff's prayer for relief requests: 1) entry of a preliminary injunction to prevent declamation of the '789 Patent; 2) entry of a judgment declaring Falana to be an inventor

---

[4] Falana asserts that Doane's receipt of royalty income from the '789 Patent supports a claim for breach of fiduciary duty. Plaintiff reasons that Doane breached his fiduciary duty to plaintiff by purposefully excluding him from inventorship of the '789 Patent so that Doane could benefit from royalty payments at Falana's expense. However, the facts present in *Chou v. University of Chicago*, 245 F.3d 1347 (Fed. Cir. 2001) that supported a finding of fiduciary duty are not present in this case. Even assuming without finding that Doane had a fiduciary duty to Falana, Doane did not breach that duty because he received no royalty income from the '789 Patent at Falana's expense. Further, Falana is an employee of defendant KSU and Doane is an employee of defendant KDI. Any royalty payments due Falana from the '789 Patent would be made by KSU pursuant to its administrative policies regarding patents and royalty income, which are part of the Ohio Administrative Code and a matter of public record.

4

(5:08 CV 720)

and an order directing the United States Patent and Trademark Office to name Falana as an inventor of the '789 Patent; and 3) "such other and further relief" as the Court may determine appropriate.

Plaintiff's argument that his complaint should be construed to include damages claims which support reinstatement of defendants seems at once to both acknowledge that his complaint does not assert a broad claim for damages while at the same time asking the Court to recognize that the complaint adequately asserts a claim for broad protection of his property rights, including the possibility of damages. However, the inclusion of the phrase "such other and further relief as the Court may deem appropriate" does not convert a prayer for equitable relief into a legal claim. *See Leary v. Daeschner,* 349 F.3d 888, 908 (6th Cir. 2003) (citing *Deringer v. Columbia Transp. Div., Oglebay Norton Co.,* 866 F.2d 859, 863 (6th Cir. 1989); Fed.R.Civ.P. 8(a) (pleadings must contain a demand for judgment for the relief the pleader seeks)).

The Court finds that the claims in plaintiff's complaint are limited to equitable and injunctive relief. Plaintiff's motion for reinstatement of defendants on the basis that plaintiff's complaint includes claims for damages from which defendants KDI, Doane and Khan should not be dismissed, is DENIED.

C.      Plaintiff's Request to Amend the Complaint is Denied

Lastly and alternatively, plaintiff argues that if the Court does not find that his complaint is written broadly enough to include damages, plaintiff should be allowed to amend his complaint "to assert additional claims based on theories that may include breach of fiduciary duty, breach of contract, breach of implied contract, fraud, fraudulent concealment, and unjust

5

(5:08 CV 720)

enrichment." *See* ECF 56, p. 5 of 19.  Based on such an amended complaint, plaintiff concludes that KDI, Doane, and Khan's consent to inventorship is insufficient to support dismissal and they should be reinstated as defendants.

The Case Management Plan in this case established October 31, 2008 as the deadline to amend pleadings.  While Rule 15 of the Federal Rules of Civil Procedure provides that the Court should freely give leave to amend when justice so requires, there are a number of factors that must be considered when determining whether to grant a motion to amend the complaint.[5]  These factors include undue delay, lack of notice to the opposing party, undue prejudice to the opposing party, and futility of amendment.  *See Wade v. Knoxville Utilities Board,* 259 F.3d 452, 458-59 (6th Cir. 2001).  Further, Rule 15(a) motions to amend cannot be considered without regard to Rule 16(b), or scheduling orders would be rendered meaningless and Rule 16's "good cause" requirement would effectively be eliminated.[6]  *Leary v. Daeschner*, 349 F.3d 888, 908 (6th Cir. 2003).

In this case, plaintiff's request to amend his complaint was made weeks after the Court's deadline for amending pleadings and in conjunction with a motion to reverse the Court's dismissal of defendants KDI, Doane and Khan.  Delay alone is not a sufficient reason to deny a motion to amend, however, notice and substantial prejudice are critical factors in determining whether an amendment should be granted.  *Id.*

---

[5] For the purpose of this analysis, the Court assumes without deciding that plaintiff has properly filed a motion to amend the complaint pursuant to Rule 15(a).

[6] Rule 16(b) requires the district court to issue a scheduling order which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions," and further provides that "a schedule may be modified only for good cause and with the judge's consent."

6

(5:08 CV 720)

As the Court concluded, *supra,* plaintiff's complaint as filed cannot be construed more broadly than a claim for correction of ownership and injunctive relief to prevent declamation. The complaint does not provide notice to defendants of claims for breach of fiduciary duty, breach of contract, breach of implied contract, fraud, fraudulent concealment, or unjust enrichment.

Based on the limited scope of the plaintiff's complaint, defendants KDI, Doane and Khan consented to addition of plaintiff Falana as an inventor of the '789 Patent, understanding that they would lose their right to participate in the dipsosition of the case and that their interest in the '789 Patent might be negatively impacted by the outcome of the claim for correction of inventorship.  Plaintiff argues that any prejudice to defendants by the addition of the damages claims can be eliminated by discovery and the opportunity to address and defend those claims.

However, the prejudice to the dismissed defendants caused by these additional claims cannot be so easily eliminated.  The complaint as filed did not give KDI, Doane and Khan notice of the claims plaintiff now seeks to add to the complaint.  Defendants' consents were given only in the context of the complaint's limited scope.  The prejudice to defendants resulting from these consents in the context of plaintiff's proposed new claims cannot be fully mitigated even by withdrawal of the consents.

As a consequence, the Court finds that: 1) defendants' lack of notice of plaintiff's new damages claims; 2) prejudice to defendants because their consents were given without notice of additional claims; 3) delay in seeking amendment; and 4) absence of "good cause" to alter the

7

(5:08 CV 720)

Court's scheduling order for amending pleadings, all support a determination by the Court that plaintiff should not be permitted to amend his complaint.

Accordingly, plaintiff's request to amend his complaint and reinstate defendants on that basis, is DENIED.

## IV.  CONCLUSION

For the reasons set forth above, plaintiff's motion to amend the Court's earlier Memorandum Opinion, reinstate defendants KDI, Doane and Khan, and request to amend his complaint (ECF 56), is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
|  May 13, 2009 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |