UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OLUSEGUN FALANA, | Case No.: 5:08-CV-00720 |
| Plaintiff, | JUDGE DAVID D. DOWD, JR. |
| v. | |
| KENT STATE UNIVERSITY and | |
| ALEXANDER J. SEED, | |
| Defendants. | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR DISCOVERY

Defendants Kent State University ("KSU") and Alexander J. Seed hereby oppose Plaintiff's request for discovery. (ECF #128). The discovery requested by Plaintiff is completely irrelevant to his application for attorneys' fees and costs. All that the Court has to do is determine the allowable number of hours expended on the litigation by Plaintiff's counsel and multiply that by the appropriate hourly rates. The Court already has extensive briefing from both parties on Plaintiff's application for attorneys' fees. (*See* ECF #104, 105, 106, 122, 123, and 125). Not once throughout all of this briefing did Plaintiff request or need any additional discovery to quantify or attempt to justify his application for attorneys' fees.

Not only are Plaintiff's requests for discovery irrelevant but everything that Plaintiff is seeking is privileged under the attorney work-product doctrine. Plaintiff is seeking the joint defense agreement between KSU and KDI and all correspondence between the defendants – meaning correspondence between their counsel. The requests are improper and KSU is not

1

required to produce responsive information or provide witnesses for further depositions. Plaintiff's request is nothing but an improper fishing expedition. Had the Court not offered to let the parties engage in additional discovery the Plaintiff never would have requested it. Plaintiff's current requests are nothing more than him taking advantage of the Court and should be denied in their entirety.

## LAW AND ARGUMENT

**I.     Falana's Requested Discovery Is Irrelevant To His Application For Attorneys' Fees and Costs**

In his initial application for attorneys' fees and costs (ECF #104), Plaintiff argued that the Court should use the Lodestar method to determine what fee is reasonable. (ECF #104, at 3). The Lodestar method is simply the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.[1]  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). All that the Court needs to determine a reasonable fee is the number of hours expended on the litigation, which is known only by the Plaintiff and has already been provided to the Court, and a reasonable hourly rate.[2]

Pursuant to Fed. R. Civ. P. 26(b)(1), discovery must be "relevant to the claim or defense of any party." A joint defense agreement entered into by KSU and KDI is not relevant to

---

[1] As KSU has previously informed the Court, there is no merit to Plaintiff's argument that it is entitled to a "multiplier," as under some unrelated statutory schemes. (ECF #105, at 7). "[U]nder the patent statutory scheme the award of an attorney's fee *alone* is by definition an exceptional occurrence." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 622 F.Supp. 478, 487 (E.D. Pa. 1985) ("especially in light of the essentially compensatory (as opposed to punitive or remunerative) purposes underlying § 285, the Court will decline to apply a multiplier to the lodestar amounts based on the "quality" of the legal services rendered.").

[2] The only disputed hourly rate is that for Mr. Wilson, who is seeking reimbursement at $375/hour despite his written engagement agreement with Dr. Falana at $250/hour. And again, this issue has already been thoroughly briefed by the parties.

Plaintiff's application for attorneys' fees and therefore not discoverable. *Broessel v. Triad Guaranty Insurance Corp.*, 238 F.R.D. 215, 218 (W.D. KY 2006) ("the undersigned concludes the joint defense agreements are not discoverable."); *see also, DataTreasury Corp. v. Wells Fargo & Co., et al.*, 2007 U.S. Dist. LEXIS 97801, *16 (E.D. Tex. 2007) ("the Court declines to order production of the JDA."). Nor is correspondence exchanged between and among all the original defendants under a joint defense agreement relevant to determining a fee award. The identity of all those who charged KSU fees for their services is also irrelevant to determining a fee award. And deposing all of the attorneys that have been involved in representing KSU and KDI, which is what the Plaintiff is asking, is irrelevant and an absurd waste of time and money.

For his part, Plaintiff appears to be well aware that his requests are improper as he doesn't even try to explain or justify his need for the discovery. Plaintiff says nothing more than "In light of the issues raised in Defendant's opposition to Falana's application for fees, the following areas of discovery are requested". (ECF #128, at 1).

## II. Falana Seeks Discovery Of Materials That Are Privileged and Protected Under The Attorney Work-Product Doctrine

Plaintiff's requested discovery is not only irrelevant but also a clear invasion of the attorney work product doctrine. Rule 26(b)(3), which codifies the common-law work-product doctrine, strictly limits the discovery of material that was "prepared in anticipation of litigation or for trial…" Fed. R. Civ. P. 26(b)(3). The joint defense agreement is protected by Rule 26(b)(3) because, as its title suggests, it is a document that was prepared in anticipation of litigation or for trial. *DataTreasury Corp.*, 2007 U.S. Dist. LEXIS, *14.

With respect to attorney work-product materials protected by Rule 26(b)(3), the party seeking to discover the material must show (1) that it has "substantial need" for the protected

3

5080869.1

material and (2) that it cannot obtain "substantial[ly] equivalent" information without "undue hardship." Fed. R. Civ. P. 26(b)(3). The joint defense agreement and other information and materials requested is not discoverable unless the party seeking to discover the materials makes the required showing under Rule 26(b)(3). *See also Power Mosfet Techs v. Siemens AG*, 2001 U.S. Dist. LEXIS 26176, at *4 (sustaining defendants' objections to a magistrate judge's order compelling defendants to produce their joint defense agreement).

Plaintiff has failed to make the showing required to overcome the protection afforded by Rule 26(b)(3). In fact, as pointed out above, Plaintiff has not even tried to make any showing to justify or explain its need for the requested discovery. As Plaintiff has cited no legal authority supporting its request to invade the attorney work-product protections afforded by the common-law and Rule 26(b)(3), his request for discovery is improper and should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Dr. Falana's request for discovery as irrelevant to his application for attorneys' fees and costs and as impermissibly seeking discovery of materials protected by the attorney work-product doctrine.

Respectfully submitted,

HAHN LOESER & PARKS LLP

/s/ R. Eric Gaum
R. Eric Gaum, Ohio 0066573
regaum@hahnlaw.com
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: (216) 621-0150
Facsimile: (216) 241-2824

5080869.1

        Scott M. Oldham, Ohio 0055323
smoldham@hahnlaw.com
William S. Nabors, Ohio 0080853
wsnabors@hahnlaw.com
One GOJO Plaza, Suite 300
Akron, Ohio 44311
Telephone:  (330) 864-5550
Facsimile:  (330) 864-7986

Counsel for Defendants
Kent State University and
Alexander J. Seed, Ph.D.

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2012, a true and correct copy of foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent to all other counsel by operation of the Court's system.

        /s/ R. Eric Gaum
Counsel for Defendants
Kent State University and
Alexander J. Seed, Ph.D.

5

5080869.1