UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OLUSEGUN FALANA, | ) | Case No.: 5:08-CV-00720 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| KENT STATE UNIVERSITY and | ) | |
| | ) | |
| ALEXANDER J. SEED, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S REQUEST FOR DISCOVERY**

Defendants Kent State University ("KSU") and Alexander J. Seed hereby submit this sur-reply in opposition to Plaintiff's request for discovery. (ECF #128).  Plaintiff's reply (ECF #131) confirms what KSU previously argued, i.e., that the discovery requested by Plaintiff is completely irrelevant to his application for attorneys' fees and costs.

In his reply, the only argument raised by Plaintiff is that the requested discovery is relevant and needed to establish that this case is exceptional.[1]  In fact, Plaintiff's first and primary argument is entitled "Defendants' Objections to Exceptionality Have Made the Evidence

---

[1] Falana does argue that he should be entitled to know how much was spent on the defense of this case.  The cost of the defense is irrelevant to the Lodestar amount of the Plaintiff's attorneys' fees incurred on the case.  Defendants note, however, that their counsel was limited to no more than $175/hour as KSU is an Ohio public university.  This is a full $200/hour less than the grossly inflated rate of $375/hour that Plaintiff is seeking for its lead counsel, and $75/hour less than the $250/hour at which Plaintiff's lead counsel was actually retained.

1

5103586.1

Relevant." (Plaintiff's Reply, at 2) (emphasis added); *see also Id.* ("KSU and Seed have themselves opened the door for the evidence sought, by objecting to the Court's finding of exceptionality"). As the Court is well aware, it has already decided that this case is exceptional – twice! (ECF #92, #126).  Whether the case is exceptional is not why the Court allowed additional discovery, as the Plaintiff is well aware.

The Court's order of October 1, 2012 was limited to "discovery with respect to plaintiff's attorney fee application."  (ECF #127).  Plaintiff's reply does not include a single argument as to why he needs to breach the Defendants' attorney client and work product privileges in order for the Court to determine the proper <u>amount</u> of attorneys' fees, which is all that is before the Court.

With regard to the Joint Defense Agreement, Plaintiff notes that Defendants have never produced it, which is correct.  (Plaintiff's Reply, at 6).  Plaintiff, however, has waived any objection he supposedly had to Defendants' having withheld the Joint Defense Agreement and other documents as privileged.  Any objection should have been pursued years ago.  As Plaintiff notes, it has been aware of the Joint Defense Agreement since October 9, 2008, more than four years ago.  (ECF #128) (noting the date of the deposition of Paul Serbinowski, who testified as to the existence of the Joint Defense Agreement).  Yet despite his supposed objection, Plaintiff has never filed a single motion to compel with the Court.  Not only is Plaintiff's requested discovery irrelevant and an impermissible invasion of the attorney client and work product privileges but it is simply too late – four years too late!

Plaintiff is taking advantage of the Court and overreaching far beyond the discovery it permitted.  The Court has entered two rulings finding this case exceptional.  It is unfair and simply ridiculous to allow the Plaintiff to keep litigating an issue that he already won.  The Court should deny Plaintiff's requested discovery as irrelevant and improperly intruding on KSU's

5103586.1

attorney client and work product privileges.  If the Court is going to allow the Plaintiff to go on a fishing expedition and keep litigating the exceptional case finding then, out of fairness, the Court should vacate both its findings of exceptionality (ECF #92, #126) and start the entire process over again.  It is unfair to allow the Plaintiff to keep litigating an issue that the Court has already decided in his favor.

This litigation was filed on March 22, 2008, going on almost five years.  Dr. Falana has apparently long since forgotten about the case, leaving only the lawyers to keep fighting.  The litigation has to come to an end at some point.

For the foregoing reasons and those in Defendants' Opposition (ECF #130), the Court should deny Plaintiff's request for discovery as being irrelevant to his application for attorneys' fees and impermissibly seeking discovery protected by the attorney client and work product privileges, proceed to determine the amount of attorneys' fees and costs to be awarded, and enter a final order bringing this case to a close.

                              Respectfully submitted,

                              HAHN LOESER & PARKS LLP

                              /s/ R. Eric Gaum
                              R. Eric Gaum, Ohio 0066573
                              regaum@hahnlaw.com
                              200 Public Square, Suite 2800
                              Cleveland, Ohio  44114-2316
                              Telephone:  (216) 621-0150
                              Facsimile:  (216) 241-2824

                              Scott M. Oldham, Ohio 0055323
                              smoldham@hahnlaw.com
                              William S. Nabors, Ohio 0080853
                              wsnabors@hahnlaw.com
                              One GOJO Plaza, Suite 300
                              Akron, Ohio 44311

5103586.1

Telephone:  (330) 864-5550
Facsimile:  (330) 864-7986

Counsel for Defendants
Kent State University and
Alexander J. Seed, Ph.D.

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2012, a true and correct copy of foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent to all other counsel by operation of the Court's system.

 /s/ R. Eric Gaum
Counsel for Defendants
Kent State University and
Alexander J. Seed, Ph.D.

5103586.1