DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Olusegun Falana, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 5:08 CV 720 |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION AND |
| Kent State University, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| ) | |

The Court previously ruled that plaintiff Olusegun Falana was an inventor with respect to the patent at issue in this case, and that ruling was upheld on appeal. A brief summary of the procedural history in this case may be helpful in understanding the present dispute before the Court regarding plaintiff's request for discovery related to attorney fees. ECF 128.

The complaint in this case sought the addition of plaintiff as a named inventor on U.S. Patent No. 6,830,789 (the '789 Patent). The complaint was filed against defendants Kent Displays, Inc. (KDI), Joseph Doane (Doane), Asad Khan (Khan), Kent State University (KSU) and Alexander Seed (Seed). Doane, Khan and Seed are the named inventors on the '789 Patent.

After the case was filed, Doane and Khan filed affidavits with the Court stating that they had no objection to adding plaintiff as a named inventor on the '789 Patent. As a consequence, the KDI, Doane and Khan were dismissed from the lawsuit approximately nine months after the case was filed.

(5:08 CV 720)

After a lengthy bench trial, the Court issued its Findings of Facts and Conclusions of Law (ECF 92).  The Court concluded that plaintiff is an inventor of the '789 Patent, and ordered the Director of the United States Patent and Trademark Office to add the plaintiff as a named inventor and issue a certificate of correction for the '789 Patent.  ECF 92, 93 and 94.  In that same opinion, the Court determined that this case was exceptional within the meaning of 35 U.S.C. § 285 and that an attorney fee award was justified and warranted.  ECF 92.  Plaintiff submitted an application for attorney fees, but the Court deferred action on plaintiff's fee application pending appeal of the Court's judgment on inventorship.

Defendants appealed the Court's judgment that the plaintiff was a joint inventor of the '789 Patent to the Federal Circuit, as well as the Court's exceptional case determination.[1]  The Court's judgment regarding inventorship was affirmed by the Federal Circuit.  The Court's exceptional case finding and determination that an attorney fee award was justified was not final, and therefore not properly before the Federal Circuit on appeal.  The Federal Circuit nevertheless commented in dicta that they found defendants' arguments opposing the Court's exceptional case determination to be "persuasive."

The issue of plaintiff's attorney fee application has followed an unusual path.  The Court's original conclusion that this case is exceptional and an attorney fee award is justified, as well as the Federal Circuit's dicta, were issued without the benefit of complete briefing by the parties on that subject.  At a status conference conducted on April 19, 2012, both sides expressed the desire to fully brief the issues in support of their respective positions.  The Court concluded

---

[1] Counsel are requested to provide the Court with a copy of the briefs filed on appeal.

2

(5:08 CV 720)

that the parties should be permitted to brief the issue, and advised the parties that the question of whether this case is exceptional would be reconsidered.

The parties fully briefed the issues, and after the benefit of the parties' briefs and reconsideration, the Court advised the parties in an Order scheduling a status conference that Court was of the view that this case is exceptional within the meaning of § 285 and that an award of attorney fees is appropriate.  ECF 126.  However, the Court has not yet issued its written reconsideration opinion.

The Court's Order then went on to state: "Before determining the amount of fees to be awarded, however, the Court will conduct a status conference.  At the status conference, counsel should be prepared to discuss whether either side wishes to conduct discovery on the issue of fees, including discovery of defendants' counsel's fees."  ECF 126.

Plaintiff requested discovery, defendants did not.  Defendants oppose plaintiff's discovery request.  This discovery dispute is the matter presently under consideration by the Court.  For the reasons discussed below, plaintiff's request for discovery is GRANTED IN PART AND DENIED IN PART.

A.      Plaintiff's Discovery Request

Plaintiff requests the following discovery in connection with his fee application (ECF 128):

    1.      The joint defense agreement referred to in the deposition of Paul Serbinowski.[2]

---

[2] Mr. Serbinowski's deposition was taken on October 9, 2008.  ECF 128-1.  Mr. Serbinowski is a lawyer who, according to his deposition, has represented both defendant Kent
(continued...)

3

(5:08 CV 720)

2. All correspondence exchanged between/among the original defendants in accordance with that joint defense agreement.

3. The opportunity to depose the representatives who executed the joint defense agreement, and the authors and recipients of that correspondence.

4. The identity of all those who charged the defendants for their services, which defendants were charged, by whom, how much, and for what services.

Defendants oppose plaintiff's request for discovery on two grounds - relevance and attorney work-product. ECF 130. First, defendants contend that plaintiff's discovery requests are not relevant to the fee application, and that the only relevant information to the fee calculation is the number of hours expended and a reasonable hourly rate. Therefore, defendants argue that plaintiff's discovery requests do not satisfy the relevance requirement of Fed.R.Civ.P. 26(b)(1). Defendants also oppose plaintiff's discovery request on the basis of Rule 26(b)(3), arguing that the requested discovery is protected by the attorney work-product doctrine and that plaintiff cannot make the required showing of substantial need and undue hardship pursuant to Rule 26(b)(3)(A)(i) and (ii) that is necessary to overcome the protections of Rule 26(b)(3). *See* ECF 130.

---

[2](...continued)
Displays, Inc. and defendant Kent State University in various matters over the years. Mr. Serbinowski testified at his deposition that there was a written joint defense agreement in this case. Mr. Serbinowski's firm, Pearne & Gordon, represented KDI in this case, and also represented KSU through the joint defense agreement. Serbinowski Depo., ECF 128-1, p. 9. Mr. Serbinowski's opinion regarding inventory of the '789 Patent was provided to KDI and KSU's in-house counsel, Constance Hawke, after the joint defense agreement was executed, "at which time she would have been a client - the University would have been a client of ours." Serbinowski Depo., ECF 128-1, p. 9-11. The joint defense agreement between KDI and KSU preceded the filing of this lawsuit. Serbinowski Depo., ECF 128-1, p. 10-12.

(5:08 CV 720)

In reply, plaintiff asserts that defendants' objections to the exceptional nature of this case have made the discovery sought by plaintiff relevant.  Specifically, defendants argue that the Court "unfairly lumped the testimony of two non-party witnesses together with defendants' testimony" as a basis for concluding this case is exceptional.  Plaintiff contends that this argument has made the requested discovery relevant because the joint defense agreement, and communications among defendants and counsel, could demonstrate coordination of the original defendants up to and through the trial, thereby calling into question the distance the KSU and Seed now seek to insert between themselves and the testimony of Doane and Khan, who were dismissed as defendants prior to trial.

With respect to amount of attorney fees, defendants have argued that the total amount of fees requested by plaintiff is not reasonable.  Plaintiff contends that this argument makes relevant the requested discovery as to amount of defendants' attorney fees.

With respect to defendants' objection to discovery on the grounds that the joint defense agreement and other documents are protected by the work-product doctrine, plaintiff points out that defendants do not assert that the joint defense agreement discloses the thoughts and opinions of counsel, which the work-product doctrine was developed to protect.  Rather, plaintiff states that the joint defense agreement would be evidence of a joint defense or common interest privilege.  The joint defense or common interest privilege is not a privilege itself but an exception to waiver of the attorney-client privilege, and plaintiff contends that the joint defense agreement must be examined to determine if an underlying attorney-client relationship exists among the original defendants and their respective counsel.  *See* ECF 131.  Defendants filed a

(5:08 CV 720)

sur-reply, now asserting that plaintiff's discovery request is "irrelevant and an impermissible invasion of the attorney client and work product privileges . . . ." ECF 134, p. 2.

B.     Court's *in camera* review

The Court directed the defendants to produce the information requested by plaintiff to the Court for *in camera* review. Defendants timely produced the documents in a white three-ring binder. The binder contains a two-page cover letter dated November 15, 2012, a six-page index of the documents contained in the binder, and fifty-seven (57) numbered tabs dividing the fifty-seven documents listed on the document index. Some of the documents are e-mail strings.

Under separate cover by letter dated November 21, 2012, defendants supplemented the documents submitted for *in camera* review with two additional documents numbered fifty-eight (58) and fifty-nine (59). In addition, defendants provided an updated document index which includes the two additional documents provided.

For each of the documents, the index reflects the date of the document, title and subject matter. In addition, the index contains a column that identifies the "privilege" that the defendants assert for each document. For each document provided for *in camera* review, defendants assert the "common interest privilege" and "work product doctrine."

The original binder and supplemental materials submitted to the Court for *in camera* review have been scanned. The Clerk is directed to electronically file these materials UNDER SEAL.

(5:08 CV 720)

C.    Analysis

Defendants object to plaintiff's discovery request on two grounds: 1) attorney client privilege and work-product doctrine; and 2) relevance.

1. *Attorney-client privilege (common interest privilege) and work-product doctrine*

Defendants' have asserted the attorney-client privilege/common interest privilege and work-product doctrine as a basis for preventing discovery of the joint defense agreement[3] between KDI and KSU as well as correspondence exchanged between/among the KDI, Doane, Khan, KSU, Seed and their counsel in accordance with the joint defense agreement. The Court's *in camera* review of the joint defense agreement confirms Mr. Serbinowski's deposition testimony that the parties to the joint defense agreement are KSU and KDI. As the name of the agreement suggests and Mr. Serbinowski's deposition testimony reflects, the Court's *in camera* review confirms that the joint defense agreement was executed to facilitate KSU's and KDI's common defense interests with respect to plaintiff's inventorship claims and to allow sharing of "Defense Materials" and communications between and among KSU, KDI and their respective counsel without waiving the attorney-client privilege. By its terms, the joint defense agreement is "governed by federal common law as to the existence and scope of the joint interest and other privileges protected by the Agreement and, as to all other matters, by the law of Ohio . . .."

---

[3] The actual title of the document submitted for *in camera* review is Joint Defense and Confidentiality Agreement.

7

(5:08 CV 720)

Entirely absent from the joint defense agreement is any provision related to the payment of KDI's and KSU's attorney fees.  Therefore, documents and information regarding attorney fees is not protected by the any privilege or common interest pursuant to the joint defense agreement.

The common interest privilege asserted by defendants to oppose plaintiff's discovery requests is not an independent privilege, but an exception to the general rule that the attorney-client privilege is waived when privileged information is disclosed to third parties, and assumes the existence of an underlying privilege.  *Broessel v. Triad Guaranty Insurance Corp.*, 238 F.R.D 215, 219 (W.D. Kentucky 2006).  One of the situations where the common interest exception applies is when the parties share a common defense interest and enter into a written joint defense agreement to assure that shared information remains privileged.  *Id.*

As a result of its *in camera* review, the Court concludes that, for purposes of plaintiff's discovery request, the correspondence sought by plaintiff is protected from disclosure on the basis of attorney-client privilege/common interest privilege and work-product doctrine as asserted by defendants, except as hereinafter provided.  The joint defense agreement itself is, by its terms, part of the "Defense Materials."  On that basis only, the Court concludes that for the purpose of plaintiff's discovery request the document is not subject to disclosure.  However, this conclusion has no effect on the public record status, if any, of the joint defense agreement.

Accordingly, plaintiff's request for discovery of the joint defense agreement and related correspondence is DENIED, except as hereinafter provided.

8

(5:08 CV 720)

    2.    *Relevance*

The amount of attorney fees charged to and/or paid by the KSU is not protected by privilege, and defendants' objection to this discovery is based on relevance. Relevance is liberally construed for discovery purposes pursuant to Rule 26(b)(1). *Guinn v. Mount Carmel Health Systems*, 2010 WL 2927254 (S.D. Ohio). KSU has opposed plaintiff's fee application on the grounds of reasonableness.

Originally, plaintiff was required to prosecute this case against both KDI and KSU. KDI and KSU are represented by separate counsel and different law firms, except to the extent they were jointly represented under the terms of the joint defense agreement. Discovery regarding defendants' attorney fees may provide information relevant to the Court in determining the reasonableness of plaintiff's attorney fee application, for example with respect to hours expended and hourly rate.

Therefore, the Court concludes that plaintiff's request for discovery with respect to attorney fees and services falls within the broad scope of relevance outlined in Rule 26. Accordingly, plaintiff's request for discovery with respect to defendants' fees and/or costs, including fees and costs charged to and/or paid by KSU and/or Seed, and the specifics related thereto, is GRANTED.

During its *in camera* review of correspondence provided by defendants, the Court observed that some correspondence contains privileged and work-product information protected under the joint defense agreement, as well as non-privileged information related to the payment of attorney fees. If document(s) containing both privileged and non-privileged information

9

(5:08 CV 720)

regarding attorney fees are requested by plaintiff in discovery, defendants shall provide the entire document(s) to plaintiff, but may redact the privileged information.

D.  Conclusion

Plaintiff and the KSU shall cooperate to complete this discovery by January 31, 2013. If plaintiff desires to file a supplemental brief after completing discovery, he should do so by February 15, 2013.  Any response by defendants must be filed by February 28, 2013.

IT IS SO ORDERED.

| | |
|---|---|
| December 6, 2012 | s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |